IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATHLEEN HOLLINS, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

REALPAGE, INC., doing business as LEASINGDESK SCREENING,

Defendant.

CIVIL ACTION FILE NO. 1:23-cv-02247-MLB-LTW

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This case is before the Court on the parties' Joint Motion for Entry of a Consent Order ("the Consent Order") that memorializes a settlement agreement resolving Plaintiff's claims asserted against Defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. [<u>See</u> Doc. 36, 36-1]. The undersigned **RECOMMENDS** that the Motion be **GRANTED** and that the Consent Order agreed upon by the parties be **ENTERED**.

**<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

Plaintiff filed suit against Defendant, a consumer reporting agency, on May 18, 2023, alleging various violations of the FCRA, 15 U.S.C. § 1681, *et seq*. [<u>See</u> Docs.

1, 18]. Specifically, Plaintiff alleged violations related to reporting adverse rental history, such as late rent payments, that occurred more than seven years ago. [Doc. 18 at 3-5]. Plaintiff filed the case as a putative class action, and she included in her complaint allegations related to other individuals "on whom . . . Defendant compiled and furnished a consumer background report which contained adverse information that antedated the report by more than seven years." [Id. at 6]. In support of her claims, Plaintiff alleged that Defendant failed to maintain adequate procedures to ensure that outdated adverse rental information did not appear in its reports. [Id. at 4].

Defendant denied that its reporting practices violated the FCRA and opposed the certification of a class to assert the claims alleged in Plaintiff's Complaint. [See Docs. 8, 19]. Nevertheless, after the parties engaged in mediation and settlement negotiations, Defendant agreed to change its business practices relating to tenant screening for a three-year period as part of a settlement of Plaintiff's FCRA claims. [See Doc. 36 at 2]. The parties specified in the agreement that they had settled the case "on an individual basis." [Id.]. Thus, despite Plaintiff's class allegations, the case was not certified as a class action. [See id.].

In their current joint motion, the parties seek the entry of a Consent Order memorializing the agreed-upon changes to Defendant's business practices underlying their settlement agreement. [See id. at 1-3]. The Consent Order requires Defendant,

for a three-year time-period beginning on the date the settlement agreement was executed on February 3, 2025, to "filter out negative rental history information in the 'Rental History' section of a tenant screening report that is matched to applicants when the 'Start Date' for the prior lease period during which the negative rental history information was generated is more than seven years before the date of the requested tenant screening report." [Doc. 36-1 at 1]. The Consent Order states that any action determined in good faith as reasonably necessary to comply with federal, state, or local law "shall not constitute a breach" of the Order or underlying settlement agreement, and it releases Defendant from obligations in the Order that become inconsistent with any such law in the future. [Id. at 1-2]. Finally, the Consent Order sets forth a process for Plaintiff to object to Defendant's assessment that an action falls into the latter category, and it specifies that neither party is entitled to collect attorney's fees or costs associated with monitoring compliance with the Order. [Id. at 2].

## DISCUSSION

As discussed above, the Consent Order resolves Plaintiff's FCRA claims by requiring Defendant to change its business practices as specified in the Order. [See Doc. 36]. Plaintiff alleged in the Complaint that Defendant's current practices violated certain provisions of the FCRA, specifically 15 U.S.C. §§ 1681c and 1681e, because Defendant's procedures did not ensure that its reports excluded outdated negative rental

history. [See Doc. 18 at 3-5]. Defendant denied that its practices violated the FCRA but agreed to settle Plaintiff's claims by implementing the changes to its business practices set out in the agreed-upon Consent Order for a three-year time-period. [See Docs. 19, 36-1].

The parties now ask the Court in their joint motion to enter the Consent Order effectuating their settlement agreement. [See Doc. 36]. As the Eleventh Circuit has explained "a court's authority to enter a consent decree derives from the parties' consent." Bainbridge v. Governor of Fla., 75 F.4th 1326, 1335 (11th Cir. 2023). See also Reynolds v. Roberts, 251 F.3d 1350, 1357 (11th Cir. 2001) (noting that the "parties' agreement . . . serves as the source of the court's authority" to "enter a decree purportedly based on consent" (quotation marks omitted)). Here, the parties clearly have consented to the terms set out in the Consent Order, authorizing its entry by the Court. See Bainbridge, 75 F.4th 1326 at 1335. Further, the Consent Order specifies the agreed-upon changes to Defendant's business practices, as well as how and the length of time for which Defendant will maintain those changes, to resolve Plaintiff's FCRA claims. [Doc. 36-1]. Accordingly, the undersigned recommends that the Court grant the parties' Joint Motion and enter the Consent Order. [Doc. 36, 36-1].

## CONCLUSION

For the reasons set out above, the undersigned **RECOMMENDS** that the Court **GRANT** the parties' Joint Motion for Entry of Consent Order and **ENTER** the Consent Order that is attached to the Motion. [Doc. 36, 36-1].

**IT IS SO RECOMMENDED,** this 11 day of March, 2025.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE